U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed March 29, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 08-10190-RLJ-13 |
| | § | |
| CURTIS ALLEN JOHNSON and | § | |
| LAUREN ROBIN JOHNSON, | § | |
|    Debtor | § | CHAPTER 13 |
| | § | |
| U.S. BANK, N.A., ITS ASSIGNS | § | |
| AND/OR SUCCESSORS IN | § | |
| INTEREST, | § | |
|    Movant | § | HEARING DATE: 03/28/2011 |
| | § | |
| v. | § | TIME: 11:00 AM |
| | § | |
| CURTIS ALLEN JOHNSON and | § | |
| LAUREN ROBIN JOHNSON; WALTER | § | |
| O'CHESKEY, Trustee | § | |
|    Respondents | § | JUDGE ROBERT L. JONES |

### AGREED ORDER CONDITIONING AUTOMATIC STAY AS TO DEBTOR

Came on for consideration the Motion for Relief from Stay, filed by U.S. BANK, N.A., ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, (hereinafter "MOVANT"), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion and the agreement of Counsel, is of the opinion that the following Agreed Order should be entered. It is therefore, **ORDERED, ADJUDGED, AND DECREED** that:

1. **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. § 362 shall remain in effect, except as provided below.

2. **Current Monthly Payments:** Debtor shall continue to remit to the Movant the regular post-petition monthly payments beginning April 1, 2011, and continue said payments thereafter pursuant to that certain Note and Deed of Trust dated September 29, 2006.

3. **Additional Payments**: In addition to the payments set forth above, Debtor shall cure post-petition arrearage and pay attorney's fees and cost in the total amount of $3,532.76. Said total amount consists of post-petition payments for the months of November 1, 2010 through March 1, 2011 and additional fees and costs detailed as follows:

| | | |
|---|---|---:|
| Monthly Payment Amount | $1,395.36 X 5 | $6,976.80 |
| Late Charges | $52.12 X 5 | $260.60 |
| Attorney's Fees & Costs | | $500.00 |
| Other Fees & Costs | | $0.00 |
| Amount Due | | $7,737.40 |
|   Payment Received | | $4,200.00 |
|   Payment to be Received | | $0.00 |
|   Debtor Suspense | | $4.64 |
| Total Balance Due Less Payment Received | | $3,532.76 |

The total amount due shall be paid directly to Movant in 6 payments beginning April 15, 2011 as indicated below:

U.S. BANK, N.A.
4801 FREDERICA ST BOX 20005
OWENSBORO, KY 42301
Attention: Bankruptcy Department

|     |          |            |
| --- | -------- | ---------- |
| 1.  | $588.79  | 04/15/2011 |
| 2.  | $588.79  | 05/15/2011 |
| 3.  | $588.79  | 06/15/2011 |
| 4.  | $588.79  | 07/15/2011 |
| 5.  | $588.79  | 08/15/2011 |
| 6.  | $588.81  | 09/15/2011 |

**There is no grace period on additional installment payments due under this Agreed Order.**

Payments received after the due date are subject to the default provisions contained in the Default Paragraph of this Agreed Order.

4. **Payments to Trustee**: Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date the Order is signed by the Bankruptcy Judge.

5. **Proof of Payments**: Debtor shall have 30 days from March 28, 2011 or until April 27, 2011 to provide proof of disputed payments. Proof shall consist of a copy of the front and back of a negotiable instrument that has been paid to Movant by the institution on which it has been drawn and has not been credited by Movant to Debtor's account. If said proof is provided by April 27, 2011, then U.S. BANK, N.A., ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST shall credit Debtor account with said payments. If said proof is not provided to Movant the Debtor must tender to Movant the amount of $3,532.76 as stated above net of payments received and said net amount becomes due and owing under the terms stated in the Additional Payments Paragraph.

6. **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

7.     **Conversion to Chapter 7**: The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post petition delinquent payments, fees, and charges due under the Note and Deed of Trust shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

8.     **Effect of Non-sufficient Funds**: Tendering of a check to Movant by Debtor which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn or due to any other reason shall not constitute a payment as required by the terms of this order and is an event of default.

9.     **Default**: In the event Movant does not receive any payments by the dates set forth in the Current Monthly Payments Paragraph or the Additional Payments Paragraph or Debtor does not remit the payment set forth in the Payments to Trustee Paragraph above, or in the event Debtor converts to Chapter 7 as set forth in the Conversion to Chapter 7 Paragraph, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtor, Counsel for Debtor, and allow Debtor a 10-day period from the date of such written notice to cure such delinquent payments. Cure payments must be made by certified funds only. In the event Debtor fails to cure such delinquent payments within such 10-day period or in the event Debtor becomes delinquent after **two (**2**) notices of default**, the Automatic Stay of 11 U.S.C. §362 shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as follows:

LOT 1, BLOCK B, SECTION 6, HERITAGE PARKS ADDITION TO THE CITY OF ABILENE, TAYLOR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET 2, SLIDE 336-D, PLAT RECORDS OF TAYLOR COUNTY, TEXAS.

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

### END OF ORDER ###


APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP


BY: /s/ YVONNE KNESEK-FOLTZ

| YVONNE KNESEK-FOLTZ | PHIL BLACK |
| TX NO. 11591800 | 1290 S. WILLIS, STE 222 |
| 610 WEST 5TH STREET SUITE 602 | ABILENE, TX 79605 |
| AUSTIN, TX 78701 | |
| Telephone: (512) 477-0008 | ATTORNEY FOR DEBTORS |
| Facsimile: (512) 477-1112 | |
| E-mail: NDECF@BDFGROUP.COM | |
| ATTORNEY FOR MOVANT | |

WALTER O'CHESKEY, TRUSTEE

LOT 1, BLOCK B, SECTION 6, HERITAGE PARKS ADDITION TO THE CITY OF ABILENE, TAYLOR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET 2, SLIDE 336-D, PLAT RECORDS OF TAYLOR COUNTY, TEXAS.

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

### END OF ORDER ###

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY: /s/ YVONNE KNESEK-FOLTZ
YVONNE KNESEK-FOLTZ
TX NO. 11591800
610 WEST 5TH STREET SUITE 602
AUSTIN, TX 78701
Telephone: (512) 477-0008
Facsimile: (512) 477-1112
E-mail: NDECF@BDFGROUP.COM
ATTORNEY FOR MOVANT

PHIL BLACK
1290 S. WILLIS, STE 222
ABILENE, TX 79605
TX NO 0237 1503
ATTORNEY FOR DEBTORS

/s/ Marc McBeath
WALTER O'CHESKEY, TRUSTEE